PHILLIP A. TALBERT
United States Attorney
ROBERT VENEMAN-HUGHES
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>CARLOS AMEZOLA,<br><br>DEFENDANT. | CASE NO. 1:23-CR-00237-NODJ-BAM<br><br>STIPULATION AND PROTECTIVE ORDER |

1. As described more fully below, the parties, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, for the reasons set forth below, agree to a Protective Order in this case restricting the review, use, and dissemination of certain materials containing confidential information about a law enforcement officer involved in the investigation that resulted in the above-captioned case.

2. The purpose of the proposed Protective Order is to prevent the unauthorized dissemination, distribution, or use of the materials concerning an investigation into the law enforcement officer. If this information is disclosed without protective measures, or to defendants without limitation, it will risk the privacy and security of the person to whom the information relates and may undermine an ongoing investigation. The United States has ongoing obligations to protect the law enforcement officer's privacy and the investigation into the law enforcement officer's activities.

3. Accordingly, the parties jointly enter into this Protective Order that will permit the government to make available the materials but preserves the privacy and security of the law

enforcement officer and the investigation into the officer's actions. The parties agree that the following conditions will serve the government's interest in maintaining the privacy and security of the law enforcement officer, while permitting the Defense Team (defined below) to review the documentation subject to this stipulated protective order.

## II. PROPOSED PROTECTIVE ORDER AGREEMENT

### A. Protected Materials

4. This Agreement pertains to discovery made available to defense counsel for review only at the U.S. Attorney's Office containing the investigation into a law enforcement witness (hereafter, collectively "Protected Materials").

5. To the extent that notes are made that memorialize, in whole or in part, the identity of the law enforcement officer, or statements that indicate the identity of the witnesses in any Protected Materials, such notes become Protected Materials, subject to the Protective Order Agreement and must be handled in accordance with the terms of this Protective Order Agreement.

### B. Defense Team

6. For purposes of this Agreement, the term "Defense Counsel" refers to the defendant's counsel of record.

7. For purposes of this Agreement, the term "Defense Team" refers to (1) the defendant's counsel of record, (2) other attorneys at defense counsel's law firm or defense organization who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendant's counsel of record providing assistance on this case. The term "Defense Team" does not include defendant, the defendant's family, or other associates of the defendant.

8. Defense Counsel must provide a copy of this Agreement to all members of the Defense Team.

### C. Disclosure of Protected Materials

9. The Defense Team shall be permitted to review the Protected Materials at the U.S. Attorney's Office at an agreed upon time.

10. The Defense Team is not permitted to copy or remove from the U.S. Attorney's Office any Protected Materials. The Defense Team may not allow anyone, including the defendants, other than the Defense Team to have possession of the Protected Materials.

11. No person or party shall use any Protected Materials or information derived from Protected Materials produced in this action for any purpose other than use in the above-captioned case. In addition, no Protected Materials shall be referred to in any public filing or public court proceeding without defense first providing advance written notice to the government. Moreover, before defense counsel uses or refers to any Protected Materials in a filing or court proceeding, the government shall be permitted an opportunity to oppose the use or reference of such material.

12. Protected Materials may be disclosed only to the categories of persons and under the conditions described in this Protective Order Agreement.

13. This Protective Order Agreement does not limit employees of the United States Attorney's Office for the Eastern District of California from disclosing the Protected Materials to members of the United States Attorney's Office, law enforcement agencies, the Court, and defense.

14. Defense Counsel shall advise the United States with reasonable notice of any subpoenas, document requests, or claims for access to the Protected Materials by third parties if Defense Counsel is considering disseminating any of the Protected Materials to a third party, in order that the United States may take action to resist or comply with such demands as it may deem appropriate.

D. **Filings**

15. In the event that a party needs to file Protected Materials with the Court, the filing should be made under seal as provided for by the local rules. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention, including by making a request that the filing party redact the identity of the confidential witness.

E. **Termination or Substitution of Counsel**

16. In the event that there is a substitution of counsel prior to final disposition of the case, new counsel of record must join this Protective Order Agreement before any Protected Materials may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then

will become Defense Counsel for purposes of this Protective Order Agreement, and become Defense Team's custodian of materials, and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for complying with the provisions set forth above.  All members of the Defense Team, whether current or past counsel, are at all times subject to the Protective Order Agreement and are not relieved by termination of representation or conclusion of the prosecution.

**F.      Modification of Order**

17.     Nothing in this Order shall prevent any party from seeking modification to the Order or from objecting to discovery it otherwise believes to be improper. Nothing in this Order shall prevent any party from seeking a more restrictive protective order with regard to particular discovery items.

**G.      Violation of Order**

18.     Any person who willfully violates this Order may be held in contempt of court and maybe subject to monetary of other sanctions as deemed appropriate by the Court.  This provision does not expand or narrow the Court's contempt powers.

**H.      Application of Laws**

19.     Nothing in this Order shall be construed to affect or comment on the admissibility or discoverability of the Protected Materials.

20.     Nothing in this Order shall be construed to affect the application of and the parties' compliance with the Federal Rules of Criminal Procedure, Local Rules, and applicable statutes.

IT IS SO AGREED AND STIPULATED.

Dated:  December 19, 2024                PHILLIP A. TALBERT
                                         United States Attorney

                                         /s/ ROBERT VENEMAN-HUGHES
                                         ROBERT VENEMAN-HUGHES
                                         Assistant United States Attorney

Dated:  December 19, 2024                /s/ KARA OTTERVANGER
                                         KARA OTTERVANGER
                                         Counsel for Defendant
                                         CARLOS AMEZOLA

The Court adopts the above protective order.

IT IS SO ORDERED.

Dated: __**December 20, 2024**__          _____/s/ *Barbara A. McAuliffe*_____
                                             UNITED STATES MAGISTRATE JUDGE